KAREN MCCONVILLE, SBN 269234
McConville Law
24 Professional Center Parkway, Suite 240-D
San Francisco, California 94903
Tel: 415-786-7806

Attorney for
Victor Viera-Chirinos

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR-19-00367 CRB |
| Plaintiff, | **SUPPLEMENTAL SENTENCING MEMORANDUM** |
| v. | |
| VICTOR VIERA-CHIRINOS, | Date: June 2, 2021<br>Time: 1:30pm |
| Defendant. | Courtroom: The Hon. Judge Charles R. Breyer |

Defendant, Victor Viera-Chirinos, through his attorney Karen McConville, submits this Supplemental Sentencing Memorandum for the court's consideration in connection with Mr. Viera-Chirinos sentencing.

**1. PENDING STATE CHARGES**

Mr. Viera was scheduled to be sentenced by this court on April 26, 2021. However, the matter was continued after the government was noticed of pending charges in San Mateo County for conduct alleged to have been committed in October 2020, while Mr. Viera-Chirinos was on pretrial release.

-1-
DEFENDANT VICTOR VIERA-CHIRINOS
SUPPLEMENTAL SENETENCING MEMORANDUM

The PSR was updated to reflect the pending charges in San Mateo County. *PSR* ¶63. It is understood from discovery provided by government counsel that Mr. Viera-Chirinos is being accused of brokering a transaction for Oxycodone pills. Mr. Viera-Chirinos is not alleged to have been present for the transaction, but his co-defendants were arrested in possession of 556 grams of suspected Oxycodone when they tried to sell the pills in San Mateo County on October 13, 2020. They were released on bail pending charges. A criminal complaint was filed on January 28, 2021, naming Mr. Viera-Chirinos as a codefendant, he was unaware. On April 7, 2021, the government put Mr. Viera-Chirinos on notice of the charges. On April 20, 2021, the Honorable Judge Hixson held a bond revocation hearing revoking Mr. Viera-Chirinos bond but allowing him to surrender on May 28, 2021, 14 days after he received his second dose of the COVID-19 vaccine. *Dkt*. 371.

On that same day officers for the Alameda County Sheriff's department executed a search warrant at his home. Officers seized two cellphones and a small foil wrapped substance suspected to be narcotics in the closet of the bedroom. Mr. Viera-Chirinos and another individual present in the home when the search warrant was executed were arrested. Mr. Viera-Chirinos was released the next morning and went back to his pretrial services officer to have his electronic monitor re-fitted. To date there has been no charges filed in relation to the search warrant executed at his home. On April 24, 2021, Mr. Viera-Chirinos surrendered on the warrant out of San Mateo County. On April 26, 2021, the Honorable Judge Hixson held a second bond revocation hearing and denied the government's request for immediate remand and allowed Mr. Viera-Chirinos to remain on release until May 28, 2021. *Dkt*. 375.

**2. HEALTH PROBLEMS**

As this court is aware from the defense sentencing memorandum previously filed Mr. Viera-

Chirinos has several health concerns to include diabetes, hypertension and a hernia. *Dkt*. 366 at pg.7. Mr. Viera-Chirinos has been trying to get treatment for his conditions while on pretrial release, unfortunately it took a long time for him to prove his eligibility for care and get the necessary treatments and prescriptions for his ailments. On May 12, 2021, he was admitted to the emergency room at Highland Hospital in Oakland when his hernia ruptured. He underwent a surgical procedure and was released on May 14th, missing his appointment for his second COVID vaccine. On May 18, 2021, he got his second dose of the vaccine. On May 28, 2021, he will voluntarily surrender to Santa Rita jail pursuant to Judge Hixson's order.

3. **ACCEPTANCE OF RESPONSIBILITY AND SAFETY VALVE GUIDELINE CALCULATIONS**

The probation officer in the revised PSR filed has indicated that Mr. Viera-Chirinos' should be denied acceptance of responsibility for his failure to demonstrate acceptance of responsibility for the offense and failure to withdraw from criminal conduct. *PSR* ¶53 & *Sentencing Recommendation* at pg.2. Mr. Viera-Chirinos objects as he has clearly accepted responsibility for his **conduct in this case** not only by way of a written letter but by truthfully debriefing with the government and satisfying the safety valve requirement under §3553(f)(5). That he has engaged in new criminal conduct has not been proven. Even if it had, the conduct alleged in San Mateo County preceded his guilty plea in this case entered on January 27, 2021. Mr. Viera-Chirinos should be afforded the three-level reduction for acceptance of responsibility with the two-level reduction for satisfying the safety valve, which the probation officer acknowledges he should receive. *PSR* ¶103. Permitting the reduction for safety valve but denying acceptance of responsibility is illogical.

With a criminal history category of I (based on overstated criminal history argued in defense sentencing memorandum, *Dkt*. 366) and an adjusted offense level of 25 Mr. Viera-Chirinos

DEFENDANT VICTOR VIERA-CHIRINOS
SENTENCING MEMORANDUM
-3-

sentencing guideline range is 57-71 months. The probation officer increased his sentencing recommendation from 63 months to 87 months (2 years) largely due to his proposed denial of acceptance of responsibility points and the allegation of new criminal conduct. Should the charges in San Mateo be proven against Mr. Viera-Chirinos he will serve an additional period in state custody after service of his sentence in this case. This court should punish Mr. Viera-Chirinos for his conduct in this case and not sentence him for alleged conduct in the state case.

**4. SENTENCE REQUESTED**

Mr. Viera-Chirinos will be in custody when this court imposes sentence. As of sentencing he will have served 9 months and 9 days in actual custody. He has spent 13 months on home confinement. The defendant originally requested a sentence of time served based on credit for his time on home confinement (*Dkt*. 366), however, given the alleged conduct while on home confinement it is accepted that he should not get credit for his time. Defendant would request a sentence of two years or 24 months.

**CONCLUSION**

A sentence of two years is sufficient, but not greater than necessary to provide adequate deterrence from future criminal conduct.

Dated: 05.26.2021                                   Respectfully submitted,


                                                    By: _____/s/_____
                                                        Karen McConville
                                                        Attorney for Victor Viera-Chirinos